UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **RICHARD BLUMENTHAL,** | : | 09cv2086 |
|     Plaintiff, | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE WILLIAM GEORGE AGENCY FOR** | : | |
| **CHILDREN'S SERVICES, INC.,** | : | |
|     Defendant. | : | |

## RULING ON PLAINTIFF'S MOTION FOR REMAND

Plaintiff Richard Blumenthal, Attorney General of the State of Connecticut, filed an action to quiet title in Connecticut Superior Court. Defendant The William George Agency for Children's Services, Inc. ("WGA"), a New York nonprofit corporation, removed this case to federal court on the basis of diversity jurisdiction. Plaintiff now moves to have the action remanded for lack of diversity.

For the following reasons, the motion for remand will be granted.

## FACTUAL BACKGROUND

The following factual background is reflected in the allegations of the complaint and the parties' briefs with attachments thereto.

In 1915, the George Junior Republic Association of Connecticut, the predecessor of the Connecticut Junior Republic ("CJR"), acquired certain property in Litchfield, Connecticut pursuant to a warranty deed that incorporated the terms of Mary T. Buell's will and was recorded on the Litchfield land records.

The George Junior Republic Association of New York, the grantor of the 1915 warranty deed and the predecessor of defendant WGA, had acquired title to the

1

Litchfiled property in 1900 as a devise of the will of Mary T. Buell.  In her will, Ms. Buell provided:

> I give and devise to the George Junior Republic Association of New York, my lands situated in said Litchfield, ... for the use and purposes of said Association. And my wish is that the said Association should retain possession of said real estate and use the same as a home for children under its care.

The 1915 warranty deed contained a reverter clause in favor of the George Junior Republic Association of New York.  The reverter clause provided that CJR held an interest in the property "as long as it may obey the purposes expressed in that part of the will of said Mary T. Buell which is quoted above and as long as said [CJR] shall continue its existence for the uses and purposes as outlined in the preamble of the constitution of the National Association of Junior Republics, but if at any time it shall fail to use said property for said purposes aforesaid...then the property hereby conveyed shall revert to this grantor, or its successors, with all changes and improvements thereon."

Defendant WGA maintains that on May 22, 2009, the reverter clause was triggered because CJR closed its residential program for children at the property. Consequently, WGA filed a "Notice of Title Claim/Notice of Forfeiture" on the land records.

On November 25, 2009, the Attorney General filed the instant quiet title action in Connecticut Superior Court.  The complaint alleges that the CJR has continuously met the terms of the 1915 warranty deed.

**DISCUSSION**

Removal jurisdiction must be strictly construed and enforced in favor of state court jurisdiction, because the federal courts are courts of limited jurisdiction, and because removal of a case implicates significant federalism concerns. Villano v. Kohl's Dept. Stores, Inc., 362 F. Supp. 2d 418, 419 (S.D.N.Y. 2005). The removing party bears the burden of establishing the propriety of the removal. Miller v. First Security Investments, Inc., 30 F. Supp. 2d 347, 350 (E.D.N.Y. 1998). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508 (1947).

The Attorney General argues that the State of Connecticut is the real party in interest. Because a State does not constitute a "citizen" for purposes of diversity, Moor v. County of Alameda, 411 U.S. 693, 717 (1973), the Attorney General maintains that remand is appropriate. In considering whether a State is a real party in interest, courts look to the essential "nature and effect" of the proceeding. State of New York v. General Motors Corp., 547 F. Supp. 703, 704 (S.D.N.Y. 1982). When Connecticut sues "as parens patriae for the benefit of all of its citizens, its capacity would be essentially sovereign, and it would not be a citizen for diversity purposes." State of Connecticut v. Levi Strauss & Co., 471 F. Supp. 363, 370 (D. Conn. 1979). When the State is asserting a sovereign, quasi-sovereign, or proprietary interest, distinct from the interest of a private party, it is a real party in interest. See Hood v. Microsoft Corp., 428 F. Supp. 2d 537, 542 (S.D. Miss. 2006) (State was real party in interest in litigation to protect State consumers and promote State economic interest); Glenmede Trust Co. v. Dow Chemical Co., 384 F. Supp. 423 (E.D. Pa. 1974) (State was the real party in

interest in case concerning charitable assets because charitable trusts implicate the welfare of the entire State).

Pursuant to Connecticut General Statutes § 3-125, the Attorney General is entrusted with "the responsibility and duty to represent the public interest in the protection of any gifts, legacies or devises intended for public or charitable purposes." Carl Herzog Foundation v. Univ. of Bridgeport, 243 Conn. 1, 7 n.3 (1997).

In the instant case, the State has an interest in protecting a devise that was intended for both public and charitable purposes of housing and educating children in need of a home.  On this motion, the Court need not consider the merits of defendant's position that the reverter clause has been triggered.  The State is the real party in interest in protecting a property that may properly remain with the Connecticut agency dedicated to serving the state's public welfare.  Accordingly, the motion to remand will be granted.

## CONCLUSION

For the foregoing reasons, the motion for remand [Doc. #12] is GRANTED.  The motion to dismiss [Doc. # 13] is MOOT.  The clerk is instructed to remand this case to the Connecticut Superior Court.


SO ORDERED this __17th_ day of May, 2010, at Bridgeport, Connecticut.


_____/s/_____
Warren W. Eginton
Senior U.S. District Judge